Mills v. Howeth.

ROBERT MILLS AND ANOTHER v. FLETCHER C. HOWETH.

In a trial of the right of property levied upon by execution from another county, a certified copy of the record of the suit is the best evidence of the particular indebtedness which the plaintiff is seeking to enforce.

On the trial of an issue whether a sale of property by a defendant in execution was made to hinder and delay or defraud creditors, it is error to reject the testimony of a witness offered to prove the indebtedness of the defendant in execution at the time of the sale, if it do not appear that it was proposed to prove indebtedness evidenced by writing.

It is not enough that a transfer of property by an insolvent debtor may have been for a valuable consideration ; it must have been *bona fide* also, and not made with the intent to hinder and delay or defraud creditors.

Nor is it necessary to prove an actual participation in the fraud, on the part of the vendee. If he knew of the fraudulent intent of his vendor, or had knowledge of facts sufficient to excite the suspicions of a prudent man, and put him upon inquiry, it is sufficient.

Appeal from Henderson. Tried below before the Hon. John H. Reagan.

Execution from Galveston county on a judgment in favor of Robert Mills and John W. Jockusch against John P. Walton and George W. Tuggle, levied upon a storehouse and stock of goods, and the stock of goods claimed by the appellee as his property. The judgment was rendered on the 29th of December, 1854 ; the execution was levied May 2nd, 1855.

It appeared by bill of exceptions, that the plaintiffs called Sam Mills as a witness, and asked him if he knew what the judgment filed in this cause was rendered upon. To this the claimant objected, and the objection was sustained. Plaintiffs then offered in evidence a certified copy of a note signed J. P. Walton & Co., dated August 10th, 1854, due one day after date, payable to R. & D. G. Mills, for $9,943 72, certified by the Clerk of the District Court of Galveston county, to be " a

true copy of the note filed in said Court on the 29th day of December, 1854, in the case of R. & D. G. Mills v. J. P. Walton and George W. Tuggle." To this evidence the claimant objected, cause not stated, and the objection was sustained. The plaintiffs then asked the witness Sam. Mills if he knew of any indebtedness of Walton & Tuggle to the plaintiffs prior to the 10th of June, A. D., 1854. The claimant objected; cause not stated ; and the objection was sustained.

The copy of the judgment referred to as on file, and which was given in evidence, was merely a copy of the entry of judgment. The fact was, but it did not appear in the evidence, that the plaintiffs composed the firm of R. & D. G. Mills, and Walton & Tuggle composed the firm of J. P. Walton & Co.

The issue was as to whether the sale from J. P. Walton & Co. to F. C. Howeth & Co., made about the 10th of June, 1854, was in good faith, or to hinder and delay or defraud the creditors of the former.

Verdict and judgment for the claimant.

*E. H. Horrell,* for appellants.

*J. E. Cravens* and *R. A. Reeves,* for appellee.

WHEELER, J. A copy of the record of the suit in Galveston, would have been the best evidence of the particular indebtedness of the defendant in execution, which the plaintiffs were seeking to enforce. But it was competent to prove other indebtedness, either to the plaintiffs or other parties, by any witness who knew the fact. The Court therefore erred in refusing to permit the witness Mills to testify to the existence of such indebtedness. It does not appear that it was proposed to prove by him any indebtedness evidenced by writing ; and it is not perceived on what ground his testimony was excluded. If the record truly embodies the evidence, as it was given upon the trial, it does seem that the charge of the Court

presented a view of the case more favorable to the plaintiff than the facts warranted. The old firm of Walton & Co. was sunk and merged in the new firm of F. C. Howeth & Co., contemporaneously with the transfer of the goods. At the same time that Walton made a transfer ostensibly of his entire stock in trade, he secretly retained an interest, and was a member of the new firm, in which, however, his name did not appear. His indebtedness was known to the members of the new firm ; and if the transfer and introduction of new members under a new firm name, was not a contrivance to shelter and protect the goods from creditors, it certainly bears that appearance. Where there is evidence of fraud so convincing, the proof to rebut it ought to be very satisfactory. The charge of the Court seems obnoxious to the objection that it gave undue importance to circumstances relied on for that purpose, which there is reason to believe were contrivances to cloak and conceal the fraud. It is not enough that the transfer may have been for a valuable consideration ; it must have been *bona fide* also, and not made with the intent to hinder, delay or defraud creditors. Nor is it necessary to prove an actual participation in the fraud, on the part of the vendee. If he knew of the fraudulent intent of his vendors, or had knowledge of facts sufficient to excite the suspicions of a prudent man and to put him upon inquiry, it is sufficient. (10 Tex. R. 393 ; Edrington v. Rogers, 15 Id. 188.) These principles were not distinctly brought to view by the charge of the Court, and there is reason to apprehend that its effect, as a whole, was to cause the jury to lose sight of them. But it is not necessary to determine whether there is anything in the charge of the Court, or in the refusal of a new trial, which would require a reversal of the judgment ; as it is clear that it must be reversed on account of the rejection of the testimony of the witness Mills ; and the parties will probably come better prepared on the law and facts of the case upon another trial. The judgment is reversed and the cause remanded.

Reversed and remanded.