# CHARLES TRAYLOR vs. J. L. TOWNSEND et al.

## SUPREME COURT, GALVESTON TERM, 1884.

*Charge of the court.*—It has been heretofore held by this court that fraud, like any other fact, may be proved by circumstantial evidence. Hence, a charge to that effect was not error.

*Same.*—Nor did the court err in charging in substance that the sale, made by Farmer & Co. to Traylor, was void if made with intent on the part of the seller to hinder, delay or defraud creditors, if the intent be known to the purchaser, or could have been known by the use of ordinary diligence, although the sale was made for a good and valuable consideration.

*Same—Evidence.*—While it is true that the revised statutes provide that the title of a purchaser for valuable consideration shall not be affected, unless it appear that he had notice of the fraudulent intent of his grantor, (Art. 2465.) but they do not say what shall be the character of the notice, whether actual or constructive, or what shall be deemed sufficient proof to establish it.

*"Notice,"* in its usual signification means the knowledge of all that is communicated to the purchaser, or that a proper use of that information would enable him to ascertain.

*Same.*—Under the old statutes the rule was that a knowledge of the fraud on the part of the vendee must be proved in order to avoid the consequences. Yet under that law it was held that it was the duty of the court to charge the jury in a proper case that actual knowledge need not be proved, if the purchaser had the means of knowing the fraud by using ordinary diligence.

*Charge of the court.*—The refusal of a special charge is not error when it is but a repetition of a principle already given under a different form of expression. And especially is this so when to give the charge asked would give undue prominence to the question involved. Note a case in which the giving of the charges asked was not error. And note also charges given, which under the conditions of this case, are held correct.

*Practice.*—The real question in the case was the right of W., L. & Co. to have the goods levied on for their claim against Farmer & Co. If they had such right, both they and the sheriff were justifiable in making the seizure, and Traylor would have no cause of action against them. The verdict decided, in effect, that W., L. & Co were entitled to have the goods seized, which was equivalent to finding in favor of the defendant. A proper judgment entered thereon was not objectionable.

*Same—New trial—Diligence.*—A motion for new trial was properly overruled, in as much as touching the desired testimony, the affidavit accompanying the motion failed to disclose the diligence used to procure it before, but merely alleged that due diligence had been used. Such is not a proper showing of diligence.

Appeal from Colorado County.

*McCormick & Logue* for appellant.

*Foard & Thompson* for appellees.

Opinion by Willie, C. J.

The assignments of error found in the record relate to the charge given by the court, the verdict of the jury and the refusal to grant a

new trial on the ground of newly discovered evidence. It is not complained that the evidence was not sufficient to warrant the judgment, under a legal verdict and proper instructions to the jury.

It is objected to the charge that it instructed the jury that mere badges of fraud fraud were *per se*, and contradicted the special instructions given upon request of the appellees.

After a thorough examination of all the charges given by the court we do not find them subject to these objections. That portion of the charge, cited by appellant under the assignment of error we are considering, is certainly not objectionable, but a true statement of the law as frequently decided by this court. He charged that fraud, like any other fact, might be proved by circumstantial evidence. This has been frequently held by this court, and requires no further argument to demonstrate its correctness. Wolcott vs. Brandon, 10 Texas, 419; Thompson vs. Shannon, 9 Texas, 536; Briscoe vs. Bronaugh, 1 Texas, 335; Graham vs. Roder, 5 Texas, 149.

The court also charged (taking all the instructions in connection) that the sale, made by Farmer & Co. to Traylor, was void if made with intent on the part of the seller to hinder, delay, or defraud creditors, if the intent be known to the purchasers, or could have been known by the use of ordinary diligence, although the sale was made for a good and valuable consideration.

A general principle, so well settled as this, hardly needs authority to support it. But it seems to be claimed by counsel for appellants that under the revised statutes it is not sufficient that the vendor's fraudulent intent could have been known to the purchaser by the use of ordinary diligence, but that he must positively know that fact. It is true that the revised statutes provide that the title of a purchaser for valuable consideration shall not be affected unless it appear that he had notice of the fraudulent intent of his grantor; (Art. 2465) but thay do not say what shall be the character of the notice, whether actual or constructive, or what shall be deemed sufficient proof to establish it.

It was intended to give the term "notice" its usual signification, which is knowledge of all that is communicated to the purchaser, or that a proper use of that information would enable him to ascertain. Le Neve vs. Le Neve, 2 Smith, L. C. 154; Harris vs. Perry, 25 Texas, 444.

Under the law, as it existed before the revised statutes were ad-

opted, it was held that a knowledge of the fraud on the part of the vendee must be proved in order to avoid the consequence. Mills vs. Walker Dallam, 416; Humphries vs. Freeman, 22 Texas, 45; Weisiger vs. Chisholm, 28 Texas, 780; Wright vs. Lewis, 16 Texas, 34. Yet it was held to be the duty of the court to charge the jury in the proper case that actual knowledge need not be proved if the purchaser had the means of knowing the fraud by the use of ordinary diligence. Humphries vs. Freeman, supra; see also Mills vs. Howeth, 19 Texas, 257.

As to the contradiction said to exist between the main charge and those given at the request of defendants below, we are unable to discover them in the statement made by the appellant, or in the record itself.

It has been held that it was not error in a district judge to refuse a charge asked which contained a mere repitition of a principle of law already given in charge to the jury under a different form of expression. Powell vs. Messer, 18 Texas, 401.

It was also said in the same connection that it ought not to be done when such repitition would give undue prominence to the principle as to which the repitition is requested. The complaint in that case was that the charge was not repeated at all, whereas in this the complaint is that it was repeated too often.

It is undoubtedly improper for a court to place by frequent repititions too prominently before a jury any principle of law involved in the case, but whether or not it would be sufficient cause for a reversal of the judgment is not decided in the above cited case.

In the present suit, however, there was no error in giving the charges, taking into view the manner in which they were framed; or at least not such error as requires a reversal of the judgment.

The court in its principle charge had instructed the jury that the purchaser must have the knowledge of the fraud in order to avoid a fraudulent conveyance, but had not defined what was sufficient to show that he possessed such knowledge. In a charge asked by defendants the judge stated more specifically what would amount to such knowledge. In another charge asked by defendants he instructs them that such knowledge would avoid the sale though the purchaser had paid a valuable consideration.

In the next charge he informs them that it would avoid the sale though the vendee had no fraudulent intent in making the purchase.

❦

In the next he charges that the sale with such notice is avoided, as against the rights of creditors.

In the next that the sale would be avoided though the only motive for making the purchase was because the property was cheap.

And in the next that actual knowledge on the part of the purchasers was not necessary to set aside the sale.

Whilst it would probably have been better to have given these charges all in one, it cannot be said that they each contain the same principle in different language. They rather present the question of fraudulent conveyance or not, under different conditions suited to the case under consideration, in each of which, notice to the purchaser was an essential ingredient. The charge as to the actual notice might properly have been omitted, as it was fairly included in the first instruction asked by the defendants, but it rendered that instruction more definite and specific, and cannot therefore be considered as seriously objectionable. As to the verdict of the jury it is certainly an anomolous one, but under the issues in the cause it was sufficient, and entitled the defendants to the judgment rendered in their favor.

The question really was as to the right of Wallis, Landes & Co. to have the goods levied on for their claim against Farmer & Co. If they had such right both they and the sheriff were justifiable in making the seizure, and Traylor had no cause of action against them. The jury, by their verdict said in effect, that Wallis, Landes & Co. were entitled to have the goods seized, which was equivalent to a finding in favor of the defendants, and judgment was rendered accordingly.

The motion for a new trial was properly overruled. There was no statement in the motion or the affidavits accompanying it, as to the diligence used in obtaining testimony upon the point to which the newly discovered testimony was directed. It was merely stated that due diligence had been used, but this gave the court no opportunity of exercising its own judgment upon that question. On the contrary it clearly appears that if diligence had been used, the testimony could have been obtained. The two witnesses by whom it was proposed to contradict the testimony of Townsend, were in court when he testified. They were the clerks of appellant, and the conversation as to which Townsend testified, occurring at appellant's store, whilst they were there with him, it would naturally occur to

him to make inquiry as to whether or not they had heard the conversation and what was their recollection about it. This was more especially so as Townsend's deposition in which the same statements occurred had been on file for a long time before the trial.

As to the witnesses by whom it was proposed to contradict Yates' testimony, the one was the merchant to whose store Yates testified he had removed goods for Farmer & Co., and the other was his clerk, and they were the persons most likely to know the facts of that transaction. This removal of goods to the store of Vogel, was charged in the answer of defendants, and hence there was no surprise at the introduction of evidence upon the subject. A diligent preparation of his case would have led the appellant to inquire of Vogel and his clerks as to the facts of the transaction, and would have resulted in ascertaining that they would state what was contained in their affidavits.

It may be added that Vogel & Obenhause state that he was present at the time of the removal of the goods, and of course, could have proved the same facts set forth in their affidavits; yet Hodges testified at the trial, and no attempt was made to disprove by him the testimony given by Yates.

Again the newly discovered evidence of Gaetsche and Wilson was merely cumulative, as Traylor himself had testified as to precisely the same matter on the trial, contradicting Townsend, and these new witnesses could be introduced for the sole purpose of corroborating Traylor's statements on the subject.

Besides, counter affidavits impeaching the credibility of the evidence sought to be proven by all these witnesses were introduced, and the court having, in its discretion, under all the facts before it, determined against the motion for a new trial, we are not disposed to reverse its ruling upon the question.

There is no error in the judgment and it is affirmed.