W. H. HAMMAN v. P. J. WILLIS ET AL.

(Case No. 1649.)

1. VERDICT — ATTORNEY'S FEES. — In a suit, brought by a firm against an attorney at law for a balance of money collected by him on their account and retained by him as a fee for services, the verdict of the jury based upon facts in relation to the services rendered, as well as an estimate of their value made by other attorneys, based on the customary fees charged in such cases, will not be disturbed.

2. SAME — CASE DISTINGUISHED. — The case distinguished from that of Shropshire
   v. Doxey, 25 Tex., 128; Weisiger v. Chisholm, 28 Tex., 792; Lucketts v.
   Townsend, 3 Tex., 134; and Gibson v. Hill, 23 Tex., 83.

3. CHARGE OF THE COURT. — In a suit involving the proper fees to be charged by
   an attorney at law, an instruction to the effect that, in considering of their
   verdict, the financial standing of the parties litigant in the suit in which the
   fee was charged will not be regarded, is proper.

ERROR from Robertson. Tried below before the Hon. W. E. Collard.

This was a suit brought by P. J. Willis & Co. against W. H. Hamman to recover $693.95, balance alleged to be due from the defendant as their attorney at law on account of collections made of a judgment which defendant had obtained for them against James S. Hanna and William Davis. The amount of the judgment was collected by the defendant, amounting to $7,443.09. It was alleged by plaintiffs that they had paid defendant $200 during the progress of the suit against Hanna and Davis on account of his fee for services, which fact is admitted by defendant. Plaintiffs admitted that defendant paid over of the sums collected by him $6,149.14, and offered to allow from the amount remaining in defendant's hands $600 as a further fee to defendant for his services in obtaining and collecting the judgment, thus leaving due to plaintiffs the amount sued for first above named.

The defendant claimed that he owed the plaintiffs nothing; that the amount left in his hands, over and above the remittances made plaintiffs on account of collections, amounted to no more than he was entitled to retain as a fee in addition to the $200 he had previously received, making in the aggregate $1,494.95, estimating the fee at twenty per cent. on the amounts collected. There was no contract between the parties in respect to the fee, and the sole question was, what was a reasonable fee for the defendant's services. The cause was submitted to a jury; verdict and judgment for plaintiffs for $212.

*W. H. Hamman*, for himself.

*F. H. Prendergast*, for defendants in error.

WALKER, P. J. COM. APP. — It will appear from a calculation that the jury allowed the defendant's fee on an estimate of about seventeen and one-half per cent. on the amount collected.

The appellant assigns as error that the verdict is contrary to and without evidence. It is quite clear that the evidence in the case

was abundantly sufficient to warrant a verdict for the defendant. There was no conflicting evidence in the case, and the testimony of W. M. Walton, F. W. Chandler and M. D. Herring, shown to be competent and experienced lawyers of extensive practice in the various courts within this state, all testified to the effect that a fee of twenty per cent. was a reasonable one. Their testimony was based on the services of the defendant, as hypothetically stated to them when interrogated, and upon the report of the case in 47 Texas Reports, in which the defendant rendered the service both in the district and the supreme court. The facts thus supposed to exist as a predicate for the opinion or estimates to be made by said witnesses were substantially verified in the testimony given on the trial by the defendant.

W. Kemp testified to the existence of an agreed tariff of professional charges for collections in Robertson county (where the services of defendant were rendered), the minimum rates of which were ten per cent. in the district court, and five per cent. in addition for the supreme court. Also that it was usual among the attorneys in the county to charge ten per cent. for collecting money demands. Upon all these facts it was the province of the jury to determine what was the reasonable value of the defendant's services. If they accepted the unqualified estimates placed upon them by the witnesses, the verdict must have been given for the defendant. But they were not compelled to do so. The opinions expressed on that subject by attorneys, how competent soever they were to speak on it, and however much they were entitled to consideration, was, at last, but evidence before them to be considered and weighed, with all the testimony before them, in determining the issue as to what, in their judgment, under the whole evidence, was the real value of the defendant's services. If their verdict had exhibited a disregard of such evidence, and had evinced a disposition to determine the fact in dispute regardless of it,— based, perhaps upon their mere personal convictions of what was a reasonable fee,— it would have been in derogation of the defendant's right to a fair and impartial trial of his rights under the law and the evidence in the case. But the verdict is not obnoxious to such an interpretation; it gave more than the minimum rate of charges established for ordinary collection cases by the bar of Robertson county, and it gave less than the rate which a preponderance of the evidence indicated the defendant was, according to their estimate, entitled to. In so doing, they exercised a discretion which the law intrusted to them; they had before them the facts in relation to the services that were rendered,

as well as the estimates of their value made by the attorneys, and they had the right to consider both, as well as the testimony of Kemp, and from it all, to deduce their conclusion as to what defendant's services were worth.

The rule as thus applied is to be distinguished from that which was applied in the case of Shropshire v. Doxey, 25 Tex., 128, and other cases of a like character, where the verdict has no basis in the evidence to support it; as in Weisiger v. Chisholm, 28 Tex., 792; and see Lucketts v. Townsend, 3 Tex., 134; Green v. Hill, 4 id., 468; 19 Tex., 259; Gibson v. Hill, 23 Tex., 83.

It is assigned as error that the court erred in instructing the jury "that no greater fee would be reasonable against a wealthy man than a poor man for the same service; and you will not allow the wealth of the parties engaged in the litigation of the suit of Willis & Bro. v. Davis *et als.*, to influence your finding as to what would be a reasonable fee for the services, unless the same increased or diminished the burden of the services of the attorney."

This charge, as the evidence stood before the jury, was entirely pertinent and appropriate. Whether in any supposable case the relative wealth of litigants may form a proper element in determining the reasonableness of an attorney's fee who rendered them service, need not be considered here; it is sufficient that the evidence concerning the litigation between Willis & Bro. and Davis *et als.* did not develop a case in which the pecuniary condition of the parties could enter into the elements of the fee to be charged. There was evidence before the jury that the litigants referred to were of the wealthiest in their respective localities, and it was a proper precaution on the part of the court to so instruct the jury with reference to its relevancy that they would not be misled or prejudiced by means of it.

We conclude that the judgment ought to be affirmed.

AFFIRMED.