## JONES et al. v. GUYNES. (No. 842.)

(Court of Civil Appeals of Texas. Beaumont. June 21, 1922. Rehearing Denied June 28, 1922.)

Infants ⬤�net83—Allowance to guardian ad litem representing infant remainderman in proceeding to construe will held proper.

In proceeding to construe a will, where witnesses estimated the value of the property in controversy at different amounts ranging from $300,000 to $3,000,000, where the property was impressed with a life estate in a life tenant with an expectancy of 21 years, the allowance of $7,500 as compensation to the guardian ad litem representing an infant remainderman *held* proper as against contention of life tenant and other remaindermen that the amount was excessive.

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Action by W. E. Jones against Mrs. Augusta Hunting and others, in which Charles O. Guynes was appointed to act as guardian ad litem to represent the second named de-

fendant Mrs. M. Tilford Jones, who was a minor. On motion of Charles O. Guynes to have taxed into the costs a suitable compensation to him for services in representing the minor. From a judgment fixing the amount of such compensation, plaintiff and some of the defendants appeal, and the guardian ad litem files cross-assignment of errors. Affirmed.

Thos. H. Stone, Huggins, Kayser & Liddell, and W. O. Huggins, all of Houston, for appellants.

Guynes & Colgin, of Houston, for appellee.

WALKER, J. We take the following statement of the nature and result of this suit from the brief of appellants:

"The case of Jones v. Hunting was a friendly suit, brought to construe the will of M. T. Jones, deceased, the only parties to the action being the devisees under the will. It was regarded as desirable to have it determined whether the effect of the document was to vest in W. E. Jones a life estate in the Deepwater Farm property, with remainder to his son, M. Tilford Jones, and to his mother, Mrs. Louisa Jones, and his sisters, Mrs. Augusta Jones and Mrs. Jeanette Jones, or whether, because of the rule in Shelley's Case, the effect of the document was to vest in W. E. Jones a fee-simple title.

"Thomas H. Stone, Esq., appeared for the plaintiff; W. O. Huggins, Esquire, appeared for all of the defendants except M. Tilford Jones, a minor, and the court appointed Charles O. Guynes, Esq., to represent the latter.

"The court below and the Court of Civil Appeals held that the rule in Shelley's Case did apply, but the cause was reversed and rendered in the Supreme Court, it being there held that the rule did not apply.

"The cause being disposed of, Charles O. Guynes filed a motion asking that there be taxed into the costs a suitable compensation to him for his services in representing the minor. Upon hearing on this motion, witnesses called by Mr. Guynes fixed the value of the Deepwater Farm property at about $3,000,000. Witnesses called by the other parties fixed the value of the property at from $300,000 to $1,000,000. These values were based upon a marketable title ready now for delivery. But there was testimony to the effect that the property, being impressed with a life estate in W. E. Jones, with an expectancy of 21 years, is unmarketable.

"In support of the motion some members of the bar were called to testify as to their opinions of a reasonable allowance in the premises, and they gave the opinion that the fee should be fixed at between 5 and 10 per cent. of the amount of the value involved. Other members of this bar, being called by those appearing in opposition to the motion, testified to an allowance in the premises ranging from $1,000 to $2,000."

The appeals in Jones v. Hunting are reported as follows: Court of Civil Appeals, Hunting v. Jones, 183 S. W. 858; Supreme

Court, Hunting v. Jones, 205 S. W. 959. We refer to those decisions for a full and complete statement of the nature and result of that suit.

The trial court fixed the fee of the guardian ad litem, the appellee herein, at $7,500. The amount of a proper fee for Mr. Guynes was a fact question to be determined by the trial court. In view of the testimony of great and experienced lawyers in this case, suggesting a fee greatly in excess of the amount allowed by the trial court, and the rule announced in Railway v. Clark, 81 Tex. 48, 16 S. W. 631, and Japhet v. Pullen (Tex. Civ. App.) 153 S. W. 188, we cannot say that error was committed in fixing the fee at $7,500.

But assuredly the court did not err against appellee in such order. Hence we overrule his cross-assignment that "it was a gross abuse of the discretion vested in the trial court not to allow the guardian ad litem a fee of at least the sum of $25,000 for the legal services rendered the minor under, appointment of the court and the results obtained thereby; and it was therefore error on the part of the court not to allow said guardian a fee of $25,000."

In the humble judgment of this court, giving full effect to all that has been said by the courts on this subject (see 22 Cyc. 667–669), the fee allowed appellee was the extreme limit of a proper award.

The judgment of the trial court is affirmed.