## KUNZE et al. v. KRUEGER.
### No. 9425.

Court of Civil Appeals of Texas. Galveston.
June 27, 1930.

Rehearing Denied July 17, 1930.

Ward & Ward, of Houston, for plaintiffs in error.

C. D. Duncan and J. Lee Dittert, both of Bellville, for defendant in error.

PLEASANTS, C. J.

This suit was brought by appellee against appellants, Lucile Kunze and husband, D. J. Kunze, and Tom Kennedy to establish and foreclose a judgment lien against lands in Austin county owned and in the possession of the defendants.

The petition alleges, in substance, that in a former suit in the district court of Austin county brought by J. W. Hill and others against a number of defendants, including the then minor, Lucile Kennedy, who is now the appellant Lucile Kunze, and involving the title of the minor to two tracts of land containing 400 acres, the appellee, a member of the bar of the court, was appointed by the court guardian ad litem for the minor defendant; that acting under such appointment, appellee represented the minor in the trial of the cause and in its subsequent appeal; that judgment was rendered in the cause on June 14, 1926, in favor of the minor establishing her title to the land claimed by her, and further allowing and adjudging a fee of $3,500 to the guardian ad litem as compensation for his services, and fixing a lien on the land recovered for the minor to secure the payment

of the fee; that said cause was appealed by the plaintiffs therein to the Court of Civil Appeals, and plaintiff in this suit represented the minor on said appeal; that the judgment of the trial court in favor of the minor and her codefendant, Tom Kennedy, who is in possession of the land as tenant for life, was affirmed by the appellate court, and no writ of error was applied for from that judgment.

The petition further alleges that plaintiff has frequently demanded payment of his fee by defendants, but they have failed and refused to comply with such demand.

The prayer of the petition is that upon a final hearing plaintiff have judgment for the full amount of the principal and interest due upon the former judgment, and for foreclosure of his lien upon the land described in his petition, for an order of sale of all or so much of the land as may be necessary to satisfy such judgment, and all costs of suit; and for equity and general relief.

The pleadings of appellants are thus summarized in their brief:

"The defendant, Lucile Kunze, resisted plaintiff's suit upon the grounds, among others, of the unreasonableness of the fee allowed; that the allowance of the amount thereof was so disproportionate to the value of the contingent interest of the minor in said property as to constitute an abuse of discretion of the court in fixing any such fee; that there could be no lien fixed by the court against the contingent interest, which may vest or may never vest in her; that such allowance as was made should have been discharged as part of the court costs in said suit as provided by statute in such cases, and by cross action said defendant sought to have the former judgment set aside and removed as a cloud upon her title."

Upon the trial the plaintiff's suit against the defendant Tom Kennedy was dismissed, and after hearing the evidence the trial judge instructed the jury to return a verdict in favor of plaintiff, and upon return of the verdict judgment was rendered in accordance therewith against appellants, establishing and foreclosing plaintiff's asserted lien.

Appellants' brief presents nine propositions based upon twenty-eight assignments of error. In the view we take of the controlling questions presented by the record, it would serve no useful purpose to discuss these propositions categorically.

The first contention presented by appellants is in substance, that the amount allowed plaintiff as guardian ad litem in the former suit was so disproportionate to the services rendered by him and the value of the interest of the minor in the property recovered for her in that suit, that its allowance was a clear abuse of the court's discretion, and should have been set aside in this suit.

We do not think the evidence supports this contention. The record shows that in the suit in which the judgment was rendered allowing plaintiff a fee of $3,500 the title of the minor, Lucile Kennedy, to the 400 acres of land devised her by the joint will of John Hill and E. V. Hill, deceased, was directly involved and challenged. This will, which was executed by the testators on October 4, 1898, devised the 400 acres of land to the bodily heirs of Tom Kennedy, subject to a life estate therein devised to Tom Kennedy. All of the remainder of the estate of the testators was devised to a number of named beneficiaries, who were children and nieces and nephews of the testators. The will recites that all of the property of the testators, consisting of about 2,000 acres of land in Austin county and personal property of the value of $18,500, was community, and that it was the mutual desire of the testators "that the survivor of us shall have the control, use and revenue of all of said property for and during the natural life of such survivor."

The will further provides that if the said Tom Kennedy should die leaving no bodily heirs the 400 acres of land devised to him for life should go to the residuary legatees named in the will.

John Hill died January 17, 1900, and this joint will was duly probated by the county court of Austin county on February 10, 1900, on application of his surviving widow, E. V. Hill. In 1911 Mrs. E. V. Hill, by a codicil to the joint will which had been previously probated as the will of John Hill, revoked, annulled, and "declared for naught that portion of the will" giving the 400 acres to Tom Kennedy for life, with remainder to his bodily heirs.

The plaintiffs in the suit brought by J. W. Hill and others were claiming under the codicil to the will of Mrs. E. V. Hill and deeds to various portions of the land of the estate executed by Mrs. E. V. Hill after the death of John Hill.

From this statement of its nature and the issues involved in the suit in which the $3,500 was allowed the appellee as guardian ad litem, it cannot be said that the legal services of the guardian were perfunctory or of minor importance and value to his ward. The only direct evidence as to the reasonable value of the services rendered by the guardian is found in the testimony of appellee and of the district judge who appointed him guardian ad litem and tried the case in which the services were rendered.

The appellee testified, in substance, that he was not present in court when he was appointed guardian ad litem, and the appointment was made without his suggestion or knowledge. That after being sent for by the court and informed of his appointment, he

accepted and immediately began to give the case his careful and continued best attention until his ward's title to 400 acres of land was finally settled by the opinion of the Court of Civil Appeals. He goes into some detail as to his labors in investigating the facts and law of the case, preparing his answer, and representing his ward in the trial of the case in the district court, which consumed a week's time, and in the hearing on appeal in the Court of Civil Appeals. He paid all expenses for preparing briefs and presenting the case to the Court of Civil Appeals at Galveston. He further testified:

"I know how much work I did, and I know the amount of property involved. I know the nature of the rights of the defendant, and I knew what was necessary to successfully defend against the attack in trying to take this property away from this child. I know the value of her property, and I think it would be over $40,000.00.

"I know what I would have charged her if she had had to contract with me. She would have paid me over four thousand dollars for the services that I rendered and had to render, if she had been competent to contract. I think, considering the rights of the various parties, the value of the property involved, that that is a fair and reasonable attorney's fee for such labor and work in such a matter."

The district judge who presided in the trial of the suit of Hill et al. v. Leonard Tillotson et al. appointed appellee guardian ad litem of the minor defendant in that suit, appellant Lucile Kunze, and fixed the fee of the guardian ad litem at $3,500, and who also presided on the trial of this case in the court below, testified:

"In the exercise of my power and authority as District Judge, I appointed Judge Krueger as guardian ad litem to represent the interest of the minor, Lucile Kennedy, upon the trial of said cause.

"I take it that the issues and questions of fact in that case were fresher in my mind then than they are now. I suspect that a great many matters are disclosed in the record of the case which I do not now recall.

"Judge Krueger never did importune me to fix a fee for him of so much, or any amount whatsoever. At the time I fixed the fee I contemplated the case going through the appellate court. At the time I fixed it I had in mind the work that was done and contemplated being done, and as I remember, I had a conference with Mr. Edmondson about it at the time. I think then that I finally determined that the allowance of $3500.00 as a guardian ad litem fee for Judge Krueger was a proper allowance for services rendered and to be rendered by him in said case. I did not arbitrarily establish that fee, and I was not

conscious of having perpetrated a legal fraud upon the rights of this defendant. I am not cognizant of that now. It was my own decision, rendered by me in view of all the facts and circumstances in connection with the employment and the conference with Mr. Edmondson at the time."

He further testified on cross-examination:

"I do not remember that it was mentioned or considered in the fixing of the fee that Lucile Kennedy's enjoyment of the estate was entirely contingent upon future happenings, and that she might or might not enjoy the benefit of the estate. * * * I do not recall whether I took that feature into consideration or not; my recollection is that the amount of work that was done and expected to be done, and the value of the estate, was considered at the time. I do not know that I separated the value of the land and the value of Lucile Kennedy's contingent interest in it, at the time, in that consideration. My recollection is that the value of the estate as placed to me was $50,000.00. I do not remember whether or not the judgment finds the value of the land. When I mention that, I mean that the value of the land itself was $50,000.00, according to my recollection, and that was burdened with the life estate of Tom Kennedy."

The evidence above set out was not contradicted by the defendants.

Upon this state of the evidence, it seems clear to us that it cannot be held as a matter of law that the fee allowed the guardian ad litem in the former suit was so unreasonable in amount and so disproportionate to the services rendered by the appellee as such guardian, and the value of the minor's interest in the property recovered for the minor in that suit, as to show such an abuse of discretion by the court in fixing the fee as to require the judgment to be set aside. On the contrary, we do not think the evidence raises an issue for the jury as to the reasonableness of the fee fixed by the court. In determining the amount of a fee to be allowed a guardian ad litem in a case of this character, the time and labor expended by the guardian in conducting the litigation to its final conclusion, the benefit secured to the ward as the result of the litigation, and the contingent character of the guardian's compensation, must be considered. As the services of the guardian ad litem are largely rendered under the orders and supervision of the trial judge, who is therefore cognizant of the nature and extent of the services and their benefits and value to the ward, the amount of the compensation allowed must be left to the sound discretion of the trial court and cannot be set aside by an appellate court unless the evidence shows a clear abuse of discretion by the trial court in fixing the amount of com-

pensation allowed. Japhet v. Pullen (Tex. Civ. App.) 153 S. W. 1188; Jones v. Guynes (Tex. Civ. App.) 242 S. W. 796.

Appellants' insistence that the fee allowed the guardian ad litem. is shown by the evidence to be so unreasonable that its allowance was a clear abuse of discretion by the trial court is based wholly upon the theory that the interest or title of the minor in the land is only a contingent remainder, not a vested interest and not subject to sale or mortgage; and that because of this contingent character of the minor's interest, the fee allowed is so disproportionate to the value of her recovery that its allowance was a clear abuse of the court's discretion.

We cannot agree with appellants that the title of Mrs. Kunze in the land constitutes only a contingent remainder. She is the only child of Tom Kennedy, the devisee of the life estate, and as such bodily heir of the life tenant is by the express provisions of the will vested with a fee-simple title to the land subject to his right to use and enjoy it during his life. Her present sole ownership of the fee in the remainder of the property must, under the provisions of the will, be shared with any other child or children that may be born to Tom Kennedy. This limitation upon her title is a condition subsequent which does not prevent the vesting of the fee in her, but may affect the amount and value of her interest. Caples v. Ward, 107 Tex. 341, 179 S. W. 856.

The evidence as to the value of the property, which we have before set out, fixes the value at $40,000 or $50,000. It may be fairly inferred from the evidence that this valuation was of the whole of the property, including the life estate of Tom Kennedy, but it cannot be assumed, in the absence of any evidence, that the value of Mrs. Kunze's fee interest was of such small amount as to render the allowance of $3,500 so disproportionate to the value of her interest in the land as to make it unreasonable and an abuse of the discretion of the court.

The authority of the trial court in the former suit to tax a reasonable guardian's ad litem fee against the minor defendant and to create a lien upon the land recovered for the minor in that suit cannot be doubted. Simmons v. Arnim, 110 Tex. 309, 220 S. W. 66; Sterling v. Darrouzet et al. (Tex. Civ. App.) 282 S. W. 283, 286.

Our conclusion above stated, that the interest of Mrs. Kunze in the land was a vested fee-simple title in the remainder after the termination of the life estate, disposes of appellants' contention that her interest in the land was not subject to a lien for the payment of the fee allowed the guardian ad litem.

The remaining proposition presented by appellants attacks the judgment in the trial court on the ground that the judgment in the former suit, taxing the fee allowed the guardian ad litem against his ward and charging the land awarded her in that suit with a lien to secure the payment of the fee, was void because such judgment does not set out the reasons upon which the trial court failed to comply with the provisions of article 2159, Revised Statutes (1925), which directs such fee to be taxed as costs against the losing party in the suit.

It is well settled that this omission in a judgment of this kind does not render the judgment void (Simmons v. Arnim, supra), and when a judgment is sought to be avoided on this ground, it would seem that the party attacking the judgment should be required to show that the failure of the trial court to tax the fee in compliance with the cited article was without any sufficient reason based on the pleadings and evidence in the case. No such showing was made in this case.

We are of opinion the judgment should be affirmed, and it has been so ordered.

Affirmed.