Honorable Hugh Parmer Chairman Intergovernmental Relations Committee Texas State Senate P.O. Box 12068 Austin, Texas 78711
Re: Rules of the Industrial Accident Board (RQ-1813)
Dear Senator Parmer:
You have requested an opinion about the validity of several rules adopted recently by the Industrial Accident Board.
One of the rules you ask about deals with board approval of attorney fees in worker's compensation cases. 28 T.A.C. § 64.10. Section 7c of article 8306, V.T.C.S., provides in part:
 All fees of attorneys for representing claimants before the [Industrial Accident] Board under the provisions of this law shall be subject to the approval of the Board. No attorneys' fees for representing claimants before the Board shall be allowed or approved against any party or parties not represented by such attorney, nor exceeding an amount equal to twenty-five per cent (25%) of the total recovery, in addition to the reasonable expenses incurred by the attorney in the preparation and presentation of the said claim before the Board, such expenses to be allowed by the Board.
The new board rule provides:
 (1) Attorney fees shall not total more than 25% of the claimant's recovery.
 (2) A percentage fee of more than 15% of the claimant's recovery will not be approved unless the board determines that a higher percentage is justified by the time expended by an attorney on the claim.
28 T.A.C. § 64.10(c). In other words, the board rule provides that attorney fees will be limited to an amount not to exceed 15% of the claimant's recovery unless the attorney shows that his time involved in the matter justifies a higher percentage. We think that rule is unreasonable as a matter of law. See Allstate Ins. Co. v. State Bd. of Ins., 401 S.W.2d 131, 132 (Tex.Civ.App.-Austin 1966, writ ref'd n.r.e.) (administrative rules must be reasonable).
There are a number of factors other than time that are commonly considered by courts in approving attorney fee awards. Gulf Paving Co. v. Lofstedt, 188 S.W.2d 155, 160 (Tex. 1945) (holding that in ascertaining reasonable value of attorneys' services jury should consider nature of litigation, amount involved, interests at stake, capacity and fitness of lawyers for work, services and labor, time involved, benefit to clients); International G.N.R. Co. v. Clark, 16 S.W. 631, 632 (Tex. 1891); Fox v. Boese,566 S.W.2d 682, 686 (Tex.Civ.App.-Houston [1st Dist.] 1978, writ ref'd n.r.e.). The rule in question disregards those factors and allows consideration only of time spent on a case. Under that rule an experienced worker's compensation lawyer who, by virtue of his experience and expertise, could handle a case in fewer than average hours would be limited to a fee of 15 percent of his client's recovery. A lawyer handling his first worker's compensation case who had to spend a number of hours learning the rudiments of worker's compensation law might receive more than 15 percent of his client's recovery. Consequently, we think that the rule in question is unreasonable as a matter of law. See generally Attorney General Opinions JM-512 (1986); H-1162 (1978).
We also note that the board has authority to "allow" and "approve" attorney fees in worker compensation cases, whereas courts have authority to "allow" and "fix" attorney fees. V.T.C.S. art. 8306, § 7d. See generally Texas Employers Insurance Association v. Motley, 491 S.W.2d 395 (Tex. 1973) (comparing authority of courts and Industrial Accident Board in regard to attorney fees in worker's compensation cases). Because we conclude that the board's new rule is invalid for a different reason, we need not consider the argument raised that the new rule is an invalid attempt to fix attorney fees.
You also ask about a board rule that would require an attorney and a client in a worker's compensation case to enter into an agreement for representation on a form prescribed by the board.[1]
Inds.Acc.Bd., Prop. Rule 14, Tx.Reg. 4681 (1989). Section 7c of article 8306, V.T.C.S., provides that the board shall approve attorney fees for representing claimants before the board. Certainly the authority to approve fees would authorize the board to require attorneys to provide to the board written evidence of representation and information relevant to the fees attorneys are seeking in a particular worker's compensation case. Even though the board's approval power would allow it to disregard agreements between an attorney and a client that would authorize fees not approved by the board, we do not think that the authority to approve fees implies the authority to mandate specific contractual arrangements between lawyers and their clients. See generally Fidelity Casualty Co. v. Dapperman, 53 S.W.2d 845
(Tex.Civ.App.-Amarillo, writ ref'd.) (contract for fee in worker's compensation case not binding in light of court's authority to fix fees); Gov't Code 82.065 (contingent fee contract for legal services must be in writing and signed by attorney and client).
You also ask about section 64.20 of the board rules, which provides:
 (a) On the date the attorney disburses the proceeds of a workers' compensation claim, the attorney shall present the claimant with a written disbursement statement, on a form prescribed by the board, setting out:
(1) the monetary amount received by the claimant(s); and
 (2) the monetary amounts retained by the attorney, itemized by specific charge.
 (b) The claimant(s) and the attorney shall sign the disbursement statement.
 (c) The attorney shall retain the disbursement statement for four years from the date of disbursement.
 (d) The board may request the disbursement statement at any time within the retention period established in subsection (c) of this section. The attorney shall comply within 10 days of receiving a request.
Although the board has only limited disciplinary authority over attorneys, see V.T.C.S. art. 8307, § 4(d) (board may bar persons guilty of fraudulent or unethical conduct from practicing before the board), we think that the board's authority to approve attorney fees includes the authority to require some evidence of disbursement. Whether the rules set out above are reasonable also involves resolution of fact issues. We cannot resolve those issues in the opinions process.
You also ask about a new board rule that defines "recovery" for purposes of calculating attorney fees. 28 T.A.C. § 64.10(a). The historical interpretation of section 7c is relevant to your question. Because the briefs submitted to us in regard to your request did not address that aspect of the question, we will reserve answering the question until interested parties have had an opportunity to respond. In addition, you ask us to determine whether certain types of rules would conflict with the worker's compensation statutes. In the absence of specific rules, we cannot make those determinations.
 SUMMARY
A rule adopted by the Industrial Accident Board to govern the amount of attorney fees in worker's compensation cases is unreasonable as a matter of law and therefore invalid. The board can require written evidence of representation and disbursement of attorney fees in a worker's compensation case.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Renea Hicks Special Assistant Attorney General
 Rick Gilpin Chairman Opinion Committee
 Prepared by Sarah Woelk Assistant Attorney General
[1] We understand that the board has not adopted by rule a particular form contract. Cf. 28 T.A.C. § 53.40 (specifying exact working of transmittal letter by which a carrier tenders a lump sum payment for medical disabilities to a claimant).