

# THE ATTORNEY GENERAL
# OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

March 19, 1990

Honorable Hugh Parmer
Chairman
Intergovernmental Relations
   Committee
Texas State Senate
P. O. Box 12068
Austin, Texas  78711

Opinion No.  JM-1147

Re:  Rules of the Indus-
trial Accident Board
(RQ-1813)

Dear Senator Parmer:

You have requested an opinion about the validity of several rules adopted recently by the Industrial Accident Board.

One of the rules you ask about deals with board approval of attorney fees in worker's compensation cases. 28 T.A.C. § 64.10.   Section 7c of article 8306, V.T.C.S., provides in part:

> All fees of attorneys for representing claimants before the [Industrial Accident] Board under the provisions of this law shall be subject to the approval of the Board.   No attorneys' fees for representing claimants before the Board shall be allowed or approved against any party or parties not represented by such attorney, nor exceeding an amount equal to twenty-five per cent (25%) of the total recovery, in addition to the reasonable expenses incurred by the attorney in the preparation and presentation of the said claim before the Board, such expenses to be allowed by the Board.

The new board rule provides:

> (1) Attorney fees shall not total more than 25% of the claimant's recovery.
>
> (2) A percentage fee of more than 15% of the claimant's recovery will not be approved unless the board determines that a higher percentage is justified by the time expended by an attorney on the claim.

28 T.A.C. § 64.10(c).   In other words, the board rule provides that attorney fees will be limited to an amount not to exceed 15% of the claimant's recovery unless the attorney shows that his time involved in the matter justifies a higher percentage.   We think that rule is unreasonable as a matter of law.  See Allstate Ins. Co. v. State Bd. of Ins., 401 S.W.2d 131, 132 (Tex. Civ. App. - Austin 1966, writ ref'd n.r.e.) (administrative rules must be reasonable).

There are a number of factors other than time that are commonly considered by courts in approving attorney fee awards.  Gulf Paving Co. v. Lofstedt, 188 S.W.2d 155, 160 (Tex. 1945) (holding that in ascertaining reasonable value of attorneys' services jury should consider nature of litigation, amount involved, interests at stake, capacity and fitness of lawyers for work, services and labor, time involved, benefit to clients); International & G.N.R. Co. v. Clark, 16 S.W. 631, 632 (Tex. 1891); Fox v. Boese, 566 S.W.2d 682, 686 (Tex. Civ. App. - Houston [1st Dist.] 1978, writ ref'd n.r.e.).  The rule in question disregards those factors and allows consideration only of time spent on a case.  Under that rule an experienced worker's compensation lawyer who, by virtue of his experience and expertise, could handle a case in fewer than average hours would be limited to a fee of 15 percent of his client's recovery.  A lawyer handling his first worker's compensation case who had to spend a number of hours learning the rudiments of worker's compensation law might receive more than 15 percent of his client's recovery.  Consequently, we think that the rule in question is unreasonable as a matter of law.  See generally Attorney General Opinions JM-512 (1986); H-1162 (1978).

We also note that the board has authority to "allow" and "approve" attorney fees in worker compensation cases, whereas courts have authority to "allow" and "fix" attorney fees.  V.T.C.S. art. 8306, § 7d.  See generally Texas Employers Insurance Association v. Motley, 491 S.W.2d 395 (Tex. 1973) (comparing authority of courts and Industrial Accident Board in regard to attorney fees in worker's compensation cases).  Because we conclude that the board's new rule is invalid for a different reason, we need not consider the argument raised that the new rule is an invalid attempt to fix attorney fees.

You also ask about a board rule that would require an attorney and a client in a worker's compensation case to enter into an agreement for representation on a form

prescribed by the board.[1] Inds. Acc. Bd., Prop. Rule 14, Tx. Reg. 4681 (1989). Section 7c of article 8306, V.T.C.S., provides that the board shall approve attorney fees for representing claimants before the board. Certainly the authority to approve fees would authorize the board to require attorneys to provide to the board written evidence of representation and information relevant to the fees attorneys are seeking in a particular worker's compensation case. Even though the board's approval power would allow it to disregard agreements between an attorney and a client that would authorize fees not approved by the board, we do not think that the authority to approve fees implies the authority to mandate specific contractual arrangements between lawyers and their clients. See generally Fidelity Casualty Co. v. Dapperman, 53 S.W.2d 845 (Tex. Civ. App. - Amarillo, writ ref'd.) (contract for fee in worker's compensation case not binding in light of court's authority to fix fees); Gov't Code 82.065 (contingent fee contract for legal services must be in writing and signed by attorney and client).

You also ask about section 64.20 of the board rules, which provides:

> (a) On the date the attorney disburses the proceeds of a workers' compensation claim, the attorney shall present the claimant with a written disbursement statement, on a form prescribed by the board, setting out:
>
> (1) the monetary amount received by the claimant(s); and
>
> (2) the monetary amounts retained by the attorney, itemized by specific charge.
>
> (b) The claimant(s) and the attorney shall sign the disbursement statement.
>
> (c) The attorney shall retain the disbursement statement for four years from the date of disbursement.

---

1. We understand that the board has not adopted by rule a particular form contract. Cf. 28 T.A.C. § 53.40 (specifying exact working of transmittal letter by which a carrier tenders a lump sum payment for medical disabilities to a claimant).

> (d)  The board may  request the  disbursement statement at any time within the  retention period established in subsection (c)  of this  section.  The attorney  shall  comply within 10 days of receiving a request.

Although the board has  only limited disciplinary  authority over attorneys, <u>see</u>  V.T.C.S. art.  8307, § 4(d) (board may bar persons guilty of  fraudulent or unethical conduct  from practicing before  the board),  we  think that  the  board's authority to approve attorney fees includes the authority to require some evidence  of disbursement.  Whether the  rules set out  above are  reasonable also  involves resolution  of fact issues.  We cannot resolve those issues in the opinions process.

You also  ask  about  a new  board  rule  that  defines "recovery" for purposes  of calculating  attorney fees.  28 T.A.C. § 64.10(a).  The historical  interpretation of section 7c is relevant  to your question.  Because the briefs  submitted to us in regard to your request did not address  that aspect of  the  question,  we  will  reserve  answering  the question until interested parties have had an opportunity to respond.  In  addition,  you  ask us  to  determine  whether certain types  of rules  would  conflict with  the  worker's compensation statutes.  In the absence of specific rules, we cannot make those determinations.

### S U M M A R Y

> A rule adopted  by the Industrial  Accident Board to govern the amount of attorney fees in worker's compensation cases is unreasonable as a matter of  law and  therefore invalid.  The board can require  written evidence of  representation and disbursement of attorney fees in a worker's compensation case.

Very truly yours

JIM  MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General