**SAWYER et al. v. REED et al.**

No. 12560.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 16, 1953.

Leonard Brown, San Antonio, for appellants.

Harrison & Smallwood, San Antonio, for appellees.

POPE, Justice.

The point in this case is whether an abstract furnished a purchaser reflected merchantable title. The trial court held that title was not merchantable by reason of uncertainty in the description of the property. Appellants, N. C. Sawyer and the Tom Sawyer Real Estate Company, a corporation, obligated themselves as sellers to furnish D. H. Reed an abstract showing merchantable title to certain land situated in Wilson County and described in a sales contract. As required by the contract, Reed deposited $1,000 in escrow. The purchaser and vendors agreed that the deposit would be paid to vendors as liquidated damages if the purchaser breached the contract.

Reed, the purchaser, employed an attorney to examine the abstract and then refused to purchase the property on the basis of a title opinion which held that the title

was not merchantable. The vendors demanded the deposit as liquidated damages and the purchaser demanded the return of the money, whereupon the escrow agent commenced this action and tendered the money into court. The trial court held that the title was not merchantable and gave judgment that the $1,000 should be returned to the purchaser.

■ The abstract shows that the deeds into Sawyer and Sawyer's predecessors describe the property as Lots 1 and 2 of Tract 4 out of the S. and J. Arocha Grant in Wilson County. The purchaser's attorney, after examining the abstract, raised the objection that the abstract had no recorded map showing and locating Tract 4 out of and with reference to the S. and J. Arocha Grant, and no such map showing the location of Lots 1 and 2 out of and with reference to Tract 4. He objected also that there was no way to locate those lots on the ground on the basis of the description in the abstract. The abstract included an unrecorded sketch of Tract 4, which purported to show thirteen numbered lots in the tract. Neither the abstract nor extrinsic evidence showed the source of the information upon which the sketch was prepared, whether it was of recent preparation, or who made the sketch. The sketch does not locate the larger Arocha Grant, of which Tract 4 is a part. The unexplained sketches can not furnish the needed description to locate the property described in the contract, but, even if they could be considered, they do not embrace the essential information necessary to locate a starting point and define boundaries. The contract contemplated a sale of seventy-nine acres in severalty out of Tract 4. The seventy-nine acres are unlocated with reference to larger Tract 4, and Tract 4 is unlocated with reference to the larger S. and J. Arocha Grant. The Supreme Court in Smith v.

Sorelle, 126 Tex. 353, 87 S.W.2d 703, 705, said:

"This court has held that a deed purporting to convey land, which describes it only by quantity and as being part of a larger tract, with nothing whereby to identify what specific portion of the larger tract is intended to be conveyed, is void for uncertainty of description. To illustrate, the following descriptions were condemned as being insufficient:

" '120 acres out of the W. A. Rhoades survey, abstract No. 858, and survey No. 84, situated in Eastland county, Texas.' Continental Supply Co. v. M., K. & T. Ry. Co. of Texas et al., supra [Tex.Com.App., 268 S.W. 444]. 'The land attempted to be conveyed thereby is described as thirty-seven hundred and eighty-eight acres of the Martin Flores league.' Tram Lumber Co. et al. v. Electra C. Hancock et al., 70 Tex. 312, 7 S.W. 724, 725."

See, also, Hermann v. Likens, 90 Tex. 448, 39 S.W. 282; Foster v. Buchele, Tex.Civ.App., 213 S.W.2d 738; Lawrence v. Barrow, Tex.Civ.App., 117 S.W.2d 116; Penney v. Booth, Tex.Civ.App., 220 S.W. 430.

■ The vendors' second point is that the purchaser waived the requirement in the contract that they furnish an abstract showing merchantable title by agreeing to accept an insured title. Since the court filed no findings of fact, and since there is support in the evidence contrary to such a waiver, the issue will be presumed to have been found in support of the judgment rendered by the trial court. Rule 299, Texas Rules of Civil Procedure; Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562.

The judgment is affirmed.