**James H. CAMPBELL, Appellant,**

v.

**CITY OF HOUSTON et al., Appellees.**

No. 461.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 17, 1971.

James H. Campbell, Milton J. Flick, Houston, for appellant.

William A. Olson, Jay Howell, Paul Bibler, Jr., Ernest A. Lucas, Jr., Joe Resweber, Ray Cortez, Houston, for appellees.

BARRON, Justice.

This is a delinquent tax suit filed by the City of Houston for itself and for the Houston Independent School District; the State of Texas, and Harris County, as plaintiffs against James H. Campbell, defendant, the latter named person being appellant here. After a non-jury trial the court rendered judgment in favor of the plaintiff, City of Houston, in the sum of $442.32 for delinquent taxes for the years 1962–1969 inclusive, and in favor of the State of Texas and Harris County in the sum of $75.92 for delinquent taxes for the years 1962–1968 inclusive, including penalty, interest and attorneys' fees. The property allegedly owned by appellant is described as miscellaneous personal property, furniture and fixtures situated in the offices of appellant in Houston, Texas.

The appellant taxpayer complains that no valid assessment was shown to have been made on the personal property involved; that there is no evidence or insufficient evidence to support the trial court's judgment; that the judgment is against the great weight and preponderance of the evidence; and that the records admitted into evidence by appellees were hearsay and did not properly describe the personal property involved. Appellant further contends that the alleged tax assessments were grossly and excessively overvalued.

■ The appellees introduced into evidence the tax rolls, certified delinquent tax statements, and certified copies of the tax records, the City under the authority of Article III, Sections 9 and 12 of the Charter of the City of Houston, a home-rule city, and the State and Harris County under the authority of Articles 7326 and 7336, Vernon's Ann.Civ.St. The documents were properly proven and identified. The foregoing provisions of the Charter and the Texas statutes generally provide that such documents shall be prima facie evidence that the tax on the property is due, that the facts stated therein are true, and that all the prerequisites required by law pertaining to the levying and *assessing* of taxes and the rendition of the property therefor on which the suit is brought for the taxes due have been complied with. The law is settled that appellees made out their prima facie case against appellant by introduction into evidence of the tax rolls and certified statements or copies of tax records pursuant to the authorities cited above. State v. Whittenburg, 153 Tex. 205, 265 S.W.2d 569, 572 (1954); Whaley v. Nocona Independent School District, 339 S.W.2d 265, 267 (Tex.Civ.App.1960), writ ref.; City of Houston v. McCarthy, 371 S.W. 2d 587, 588 (Tex.Civ.App.1963), writ ref., n. r. e.; Victory v. State, 138 Tex. 285, 158 S.W.2d 760, 765 (1942). The prima facie case on behalf of Houston Independent School District was proven by the same records, because the provisions of the Charter of the City of Houston also apply to Houston Independent School District taxes.

■ Appellant contends that the City of Houston was required to prove or request that judicial knowledge be taken of the Charter of said City. The Charter was granted to the City by the Texas Legislature by Acts 29th Leg., R.S.1905, Ch. 17, p. 131. Under Article IX, Section 14, the Legislature provided:

"This Act shall be deemed a public Act, and judicial notice shall be taken thereof in all courts."

The publication of the Charter containing such provision in the session laws is sufficient to put the court on notice of it. Woods v. Bell, 195 S.W. 902, 905 (Tex.Civ. App.1917), writ ref.; and see Cone v. City of Lubbock, 431 S.W.2d 639, 646, 647 (Tex. Civ.App.1968), writ ref., n. r. e.

■ Appellant made a request in writing for findings of fact and conclusions of law, but he did not make the second request required by Rule 297, Texas Rules of Civil Procedure. He may not therefore complain of the absence of such findings and conclusions. Blair v. Blair, 434 S.W.2d 943, 947 (Tex.Civ.App.1968), no writ. In the ab-

sence of such findings and conclusions it must be assumed that every disputed fact was found to support the judgment of the trial court. The issue of non-ownership of personal property was not raised. Appellant's testimony consisted mainly of an account about one unspecified occasion at which he recalls that a city assessing officer visited him. He admitted that he owned a desk and some books, and he testified as to what he *paid* for the desk and books. There was no testimony as to the value of the personal property on January 1 of each of the tax years involved which might have enabled the trial court to make a comparison to ascertain whether there had been a grossly excessive valuation.

■ In order to prove the defense of grossly excessive valuation, appellant was required to offer testimony as to the market value of his property at the appropriate times in order that the trial court might be afforded a basis to conclude whether there was such a wide difference between market value and the assessed value as would "shock a correct mind." See Houston Crane Rentals, Inc. v. City of Houston, 454 S.W.2d 216 (Tex.Civ.App.1970), writ ref., n. r. e.; Pierce v. City of Jacksonville, 403 S.W.2d 512, 517 (Tex.Civ.App.1966), writ ref., n. r. e. And see City of Waco v. Conlee Seed Company, 449 S.W.2d 29 (Tex. Sup.1969).

Appellant further contends that in the absence of proof of a lawful assessment no taxes can become due and owing. See Brown County Water Improvement Dist. v. McIntosh, 164 S.W.2d 722, 726 (Tex.Civ. App.1942), writ ref., w. m. Contention is further made that the trial court erred because appellees did not comply with the Texas Constitution and with Articles 7189, 7191 and 7192, V.A.T.S. Those statutes generally provide that the tax assessor call upon the taxpayer, list the property involved in his name and require such person to make a statement under oath concerning such property (7189). If such person is not available, the assessor is required to leave a written notice requiring the taxpayer to meet him and render a list of his property at the time and place designated in said notice and to note in the assessor's book the date of the leaving such notice (7191). When the taxpayer refuses or neglects to list the property, the assessor is required to note same in his book, together with the names of those taxpayers who were absent or unable to list the same (7193). Failure to obtain a statement of real and personal property from any cause authorizes the assessor to assess the property as he believes to be the true and full value thereof, and such assessment is valid and binding (7193). Art. 7190 provides that irregular assessments shall nevertheless be valid.

■ The City of Houston, a home-rule city, is not bound by Articles 7189, 7191 and 7192, V.A.T.S. We hold that the City for itself and Houston Independent School District proceeded here under its charter and not under the general laws regarding taxation. Houston Crane Rentals, Inc. v. City of Houston, supra. And see Forwood v. City of Taylor, 147 Tex. 161, 214 S.W.2d 282 (1948). And while the appellant, an interested party, testified that no assessor for the State of Texas and Harris County had visited his place of business, such testimony is neither legally conclusive nor destructive of the prima facie proof of a valid assessment established by certified documents relating to taxes introduced in evidence by all appellees. Such testimony by appellant is not binding on the trier of facts unless it is certain, clear, positive and uncontradicted. Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W. 2d 904, 908 (1942); Moss v. Hipp, 387 S.W. 2d 656, 659 (Tex.Sup.1965); 62 Tex.Jur.2d, Sec. 373, pp. 449–456.

As stated above, appellant's non-ownership of personal property is not in issue since he specifically admitted owning a certain and undefined amount thereof. The appellant, however, never rendered any of the property involved, and assessments were made by the tax assessor presumably according to the true value and placed on the unrendered rolls. No specific amount

of the personalty was either included or excluded according to the testimony. When ownership of property is denied, apparently even by an interested witness, the Supreme Court has held that the taxing authority must proceed to sustain its burden of introducing additional evidence, over and above the prima facie proof made by official tax rolls and certified copies of official tax records, to refute defensive evidence of non-ownership. See Alamo Barge Lines, Inc. v. City of Houston, 453 S.W.2d 132, 134 (Tex.Sup.1970). The question in this case, on the contrary, involves a defense which was not proven, to-wit, grossly excessive valuation. See State v. Whittenburg, supra; City of Waco v. Conlee Seed Company, supra.

The evidence is sufficient to support the judgment of the trial court and is not so against the great weight and preponderance of the testimony as to be clearly wrong and unjust.

The judgment of the trial court is affirmed.