Don H. MORRIS, Appellant,

v.

H. L. "Dee" BURNEY, Appellee.

No. 17466.

Court of Civil Appeals of Texas,
Fort Worth.

Jan. 18, 1974.

Albert B. Morris, Dallas, for appellant.

John H. Chambers, Arlington, for appellee.

OPINION

BREWSTER, Justice.

By trial time the case before the trial court had boiled down to one wherein the plaintiff, Don H. Morris, was suing the defendant, H. L. "Dee" Burney, for $1000.00 damages. These damages were allegedly caused Morris when Burney's employee, while acting within the course of his employment for Burney in delivering ready mixed concrete to Morris' premises, negligently backed a truck into a tree on Morris' premises which negligence proximately caused the breaking of a limb from said tree. The plaintiff alleged that this broken limb resulted in the value of his realty being reduced by $1000.00.

Burney filed a cross action against Morris which was pleaded in the form of a suit on a sworn account as provided for in Rule 185, Texas Rules of Civil Procedure, wherein he alleged that he had, at Morris' request, sold and delivered to Morris materials in the form of ready mixed concrete and that by reason thereof Burney was entitled to recover from Morris $1854.19, plus a reasonable attorney's fee under Art. 2226, Vernon's Ann.Civ.St.

A nonjury trial was held. The court awarded defendant, Burney, a recovery on his cross action against the plaintiff, Morris, of $1854.04, plus an attorney's fee of $618.00 and denied plaintiff any recovery on his action against Burney relating to the breaking of the tree limb.

The plaintiff, Morris, has here appealed from that decree.

■ The defendant, Burney, has filed a motion to dismiss this appeal on the ground that the appeal bond was not timely filed. The record that we have before us, certified to by the District Clerk, shows that the appeal bond was timely filed. There is nothing in the record to the contrary, so we hereby overrule the motion to dismiss the appeal.

The plaintiff's only point of error urged on this appeal is that the trial court erred in finding no damage to his real estate.

We overrule this point.

The judgment contained the following: "The court also finds . . . that the reasonable cash market value of the property . . . both before and after the

damage to the tree set out in plaintiff's complaint was $38,500.00."

A picture of the tree from which the limb was broken was introduced into evidence for the court's consideration. It showed the stub of the limb that was broken and how the tree looked after the limb was broken off. It also showed the tree's location relative to the house on the property.

The only other evidence introduced during the trial bearing on this value issue was the testimony of the plaintiff, Morris. He was owner of the land involved and was also a realtor and he testified that in his opinion the reasonable case market value of his land just before the limb was broken was $39,500.00 and that the market value of his land just after the limb was broken was $38,500.00.

The plaintiff's contention is that even though the plaintiff was an interested witness his testimony was clear, direct, positive, and uncontradicted and the court should have taken it as true as a matter of law.

We disagree with that contention.

Not only is the testimony here relied on by plaintiff, the testimony of an interested witness, but it is also merely the witness' expression of his opinion as to the value of the land at the times involved.

■ The law is that opinion testimony, regardless of the amount of it, does not establish any material fact as a matter of law. This rule applies even though the opinion evidence is uncontradicted. Hood v. Texas Indemnity Ins. Co., 146 Tex. 522, 209 S.W.2d 345 (1948); Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex. Sup., 1970); Luttes v. State, 159 Tex. 500, 324 S.W.2d 167 (1958); and Board of Firemen's Relief & Retirement F. Tr. v. Marks, 150 Tex. 433, 242 S.W.2d 181 (1951).

The court said in the Hood v. Texas Indemnity Ins. Co. case, supra, 209 S.W.2d at

p. 346 the following: "The decision of the Court of Civil Appeals is based solely upon its interpretation of the opinion testimony of Dr. Cline, a witness for respondent. *That character of testimony is but evidentiary and is never binding upon the trier of facts. . . ."* (Emphasis ours.)

There are other reasons why we are required to affirm this case.

Even if we assume that the trial court erred in making the value findings, as is contended by the plaintiff, we are still required to affirm this case because the error is not shown to be a prejudicial one.

■ The law is that the burden is on the appealing party to bring before the appellate court a record that shows that the trial court committed a prejudicial error that requires reversal. Taylor v. American Emery Wheel Works, 480 S.W.2d 26 (Corpus Christi, Tex.Civ.App., 1972, no writ hist.); Phelan v. Phelan, 471 S.W.2d 605 (Beaumont, Tex.Civ.App., 1971, no writ hist.); and Coleman v. Pacific Employers Insurance Company, 484 S.W.2d 449 (Tyler, Tex.Civ.App., 1972, ref., n. r. e.). The appealing party here did not meet that burden.

The trial court was not requested to file findings of fact and conclusions of law in this case, as is provided for in Rule 296, T.R.C.P., and he did not file any.

The record in the case in no way reveals the findings and conclusions made by the trial court on the issues of negligence and proximate cause or his reasons for arriving at his decision to deny plaintiff a recovery of damages by reason of the breaking of the tree limb. The judgment did contain the findings as to value of the real estate that is hereinabove set out, but the judgment and no other part of the record indicates that this finding was the sole basis of the court's action in denying plaintiff a recovery.

The elements of the cause of action for damages alleged by plaintiff against defendant were that defendant's truck driver,

while acting within the scope of his employment for defendant, committed one or more acts or omissions of negligence, which proximately caused the breaking of the limb off of plaintiff's tree and which resulted in plaintiff's land being reduced in value.

■ The only evidence as to what happened on this occasion was given by the witness, Chestnut, and was in substance as follows: He was vice president of Don Morris Construction Company and acts as foreman on their jobs; when concrete is delivered to his jobs he or one of his employees directs the truck driver from the street to the point where the concrete is unloaded; this was being done on this occasion and the truck was backing on an incline and it stopped before it got to the tree and as it was stopping the truck slid and hit the limb and broke it; and the truck driver was told not to hit the tree when he first came onto the premises.

This evidence did not establish as a matter of law that defendant's employee upon the occasion in question was guilty of negligence that proximately caused the breaking of the limb. At most it did no more than raise fact issues on negligence and proximate cause.

■ The law is that in cases where findings of fact and conclusions of law are not filed by the trial court and where neither party has requested such findings and conclusions, it will be assumed by the appellate court on appeal that every disputed fact issue that was involved in the case was found by the trial court in such a way as to support the judgment that the trial court rendered. See Campbell v. City of Houston, 464 S.W.2d 372 (Houston (14th Dist.) Tex.Civ.App., 1971, no writ hist.); New v. First National Bank of Midland, 476 S.W.2d 121 (El Paso Tex.Civ.App., 1971, ref., n. r. e.); International Security Life Insurance Co. v. Rosson, 466 S.W.2d 52 (Amarillo, Tex.Civ.App., 1971, writ dism.); Sawyer v. Reed, 261 S.W.2d 197 (San Antonio, Tex.Civ.App., 1953, no writ

hist.); Calvert Fire Ins. Co. v. Koenig, 259 S.W.2d 574 (Galveston, Tex.Civ.App., 1953, writ dism.); and Hamilton-Turner Grocery Co. v. Hander, 299 S.W. 848 (Tex.Com.App., 1927).

■ It is also the law that on appeals in cases where no findings of fact and conclusions of law were filed by the trial court and where none were requested by the parties, it is the duty of the appellate court to affirm the judgment if it can be upheld on any legal theory having support in the evidence. See International Security Life Insurance Co. v. Rosson, supra; and Doss v. Blackstock, 466 S.W.2d 59 (Austin, Tex.Civ.App., 1971, ref., n. r. e.).

When these rules just referred to are applied here, this court must presume on this appeal that the trial court found that defendant's employee was not guilty of negligence on the occasion in question that proximately caused the breaking of the tree limb.

■ These presumed findings against the plaintiff end the lawsuit. They preclude him from recovering damages from the defendant because those issues were essential elements of plaintiff's cause of action. When we assume these findings adverse to plaintiff, then the question of whether or not the court erred in his finding of no decrease in market value resulting from the breaking of the limb becomes immaterial, and even if the court did err in making the finding, it would be harmless error, because plaintiff could not recover anyway in view of the presumed adverse findings on negligence and proximate cause.

The following cases support our holding that the claimed error, if any, was a harmless one: Ward v. Cathey, 210 S.W. 289 (Fort Worth, Tex.Civ.App., 1919, writ ref.); Houston Transit Co. v. Zimmerman, 200 S.W.2d 848 (Galveston, Tex.Civ.App., 1947, writ ref., n. r. e.); Poteet v. W. T. Waggoner Estate, 96 S.W.2d 405 (Amarillo, Tex.Civ.App., 1936, no writ hist.); St.

Louis Southwestern Ry. Co. of Texas v. Alsup & Gray, 118 S.W. 194 (Ct., Tex. Civ.App., 1909, no writ hist.); and St. Louis, S. F. & T. Ry. Co. v. Houze, 28 S. W.2d 865 (Amarillo, Tex.Civ.App., 1930, no writ hist.).

The defendant, Burney, who is appellee here urges the following cross point: "The court awarded an inadequate attorney fee to the appellee."

We overrule this point.

Defendant's recovery against plaintiff for materials furnished was for $1854.04. The court awarded him a recovery of $618.00 as a reasonable attorney's fee.

Defendant's attorneys testified that they spent 18 hours working on the whole case, besides trial time. It is obvious that a part of the time they spent was in working on the defense of plaintiff's suit for damages caused by the breaking of the tree limb. The plaintiff's entire appeal is devoted to that feature of the case. The law makes no provision for recovering an attorney's fee for defending a suit of that kind and defendant was not entitled to recover an attorney's fee for the time spent on the defense of or on the appeal of that suit..

In determining what was a reasonable attorney's fee in this case the court was entitled to consider the nature of the litigation, the amount of money that was involved, the capacity and fitness of the attorneys involved for handling the case, the amount of time that such attorneys reasonably and necessarily spent in the handling of the case, the actual services and labor that were put out on the case by the attorneys, and the benefit that was derived by their clients from the legal services rendered. See International & G. N. R. Co. v. Clark, 81 Tex. 48, 16 S.W. 631 (1891), and Texas Life Ins. Co. v. Hatch, 167 S. W.2d 802 (Eastland, Tex.Civ.App., 1942, ref., want of merit).

The court was also entitled to consider the fact that not all of the time and effort spent by defense attorneys in this case was spent in working on the cross action for the recovery for the value of the materials furnished for which attorney's fees were recoverable under Art. 2226. Part of that time was spent defending plaintiff's suit for damages for the breaking of the tree limb. Attorney's fees were not recoverable for defending that action.

We hold that the evidence in the case presented a fact issue as to what would be a reasonable attorney's fee in this case and that the trial court did not abuse its discretion in setting such fee at $618.00.

Affirmed.