

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

December 11, 1974

The Honorable M. L. Brockette
Commissioner of Education
Texas Education Agency
201 East 11th Street
Austin, Texas

Opinion No. H- 469

Re: May Houston Independent
School District appoint a tax
assessor-collector other than
the tax assessor-collector of
the City of Houston.

Dear Mr. Brockette:

We have been requested by your office to determine whether the
Houston Independent School District may legally appoint a tax assessor-
collector for the School District other than the tax assessor-collector
for the City of Houston. You ask this question because there are
conflicting statutory provisions on the matter.

On the one hand, the 1923 special act which created the Houston
Independent School District, although carefully designing it not to be a
municipal school district, provides in Section 30 that assessments and
taxes for the district are to be made and collected by the assessor-
collector for the City of Houston. Special Laws of Texas, 38th Leg.,
1923, ch. 91, p. 331.

On the other hand, Subchapter F of Chapter 23 of the 1969 Texas
Education Code also deals with the assessment and collection of taxes
by or on behalf of independent school districts. Section 23.92 specifies
that the board of trustees of an independent school district, other than
a municipal school district, "shall" select an assessor-collector by
one of the following methods. The board of a non-municipal district
can either appoint its own assessor-collector (§ 23.93), designate the
county tax assessor-collector as the assessor-collector for the school
district (§ 23.94), or appoint an assessor only and provide for collection
of the taxes either by the county tax assessor-collector or the assessor-
collector of any city located wholly or partially within the school district

p. 2144

(§ 23. 95).   Further, the board of a non-municipal district may authorize the tax assessor or the tax collector of any incorporated city or town within its boundaries, either partly or entirely, to act as the tax assessor or collector, respectively, for the school district (§ 23. 96). School districts are also allowed to consolidate their tax assessing-collecting, if they choose (§ 23. 97).

In our opinion these latter provisions are controlling and compel an affirmative answer to  your question.  The purpose of the 1969 Texas Education Code, as stated in §1. 03, is "to bring together in a unified and organized form the existing law relating to tax supported educational institutions and to simplify, clarify, and harmonize existing law. " Unlike the later 1971 act which added to the Code provisions relating to higher education (Acts 1971, 62nd Leg., ch. 1024, p. 3072), the 1969 act did not specify that it was only a recodification without substantive change.

Section 1. 04 of the Code states: "This Code shall apply to all educational institutions supported either wholly or in part by the state tax funds unless specifically excluded. "  The Houston Independent School District was not specifically excluded.  Therefore any inconsistent provisions of a general, special or local law dealing with the Houston Independent School District must be disregarded unless they have been expressly saved from repeal.  The provision in the 1923 special act which appoints the tax assessor-collector for the City of Houston the assessor-collector for the Houston Independent School District has not been saved from repeal and therefore is no longer applicable. See also, Article 2792-1, V. T. C. S., which was saved from repeal. The cases of Houston Crane Rentals v. City of Houston, 454 S. W. 2d 216 (Tex. Civ. App. --Houston 1st., 1970, writ ref., n. r. e.) and Campbell v. City of Houston, 464 S. W. 2d 372 (Tex. Civ. App. --Houston 14th, 1971, no writ) concerned matters which arose before the Texas Education Code was adopted and do not govern post-Code situations.

Accordingly, the Houston Independent School District may appoint a tax assessor-collector for the school district other than the assessor-collector for the City of Houston in conformity with Subchapter F of Chapter 23 of the Texas Education Code.

## SUMMARY

The Houston Independent School District may appoint a tax assessor-collector for the school district other than the tax assessor-collector for the City of Houston.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg