Flynn R. TILL, Appellant,

v.

Barbara TILL, Appellee.

No. 950.

Court of Civil Appeals of Texas, Tyler.

July 15, 1976.

Paul M. Branch, Kilgore, for appellant.

Roland Matthews, Troup, for appellee.

McKAY, Justice.

Appellee, Barbara Till, filed suit for divorce from appellant, Flynn R. Till, alleging that the parties had been informally married in January, 1974, and asking that she be appointed managing conservator for their minor child and that appellant be required to pay $100.00 per month child support. Trial was had before the court without a jury, and the trial court rendered judgment granting appellee a divorce, appointing appellee managing conservator of the minor girl, Glenna Rene Till, and appointing appellant possessory conservator of the child with rights of reasonable visitation. The court also ordered appellant to pay $75.00 per month for the support of the child until she reached 18 years of age.

Appellant brings this appeal on two points contending that the judgment is not supported by any evidence of probative force that a common law marriage was created by the parties, and that the judgment is not supported by sufficient evidence of probative force and is against the great weight and preponderance of the evidence that a common law marriage was created by the parties.

We affirm the judgment of the trial court.

In passing upon the no evidence point we may consider only the evidence and inferences therefrom which tend to support the trier of the facts and disregard all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965). When there is a contention that the evi-

dence is insufficient to support a fact finding or that the finding is against the great weight and preponderance of the evidence, a court of civil appeals must examine all the evidence and reverse and remand for a new trial if it concludes that the evidence is factually insufficient to support the finding of a vital fact or that the finding is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951); Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex.L.R. 361, 366 (1960).

The record reflects that it is undisputed that appellant and appellee lived together for several months; that appellee became pregnant while they were living together; that they bought a wedding ring for each of them and an engagement ring for appellee, and they wore the rings; that they opened a joint checking account as Mr. and Mrs. Flynn R. Till at the bank in Kilgore and both used it; that they told her family they were going to be married; that appellant listed appellee as his wife on his employers insurance coverage for employees; that they were introduced to others on many occasions as husband and wife; and that appellant paid the medical and hospital bills during appellee's pregnancy and for the birth of Glenna Rene Till.

There was some dispute as to the facts on some other points. Appellee testified they agreed they were married whether there was any license or ceremony, while appellant testified they agreed they would marry if "things worked out," but they did not work out. Appellee testified that she was represented as appellant's wife to his children by a previous marriage, to his mother, father and stepmother.

Norma McKay, a witness for appellee, testified she was introduced to appellant by appellee as appellee's husband, went on fishing trips with them, and believed them to be husband and wife.

▐ The three essential elements of a common law marriage are: (1) an agreement presently to be husband and wife; (2) living together as husband and wife; and

(3) holding each other out to the public as husband and wife. *Humphreys v. Humphreys*, 364 S.W.2d 177 (Tex.1963); *Gary v. Gary*, 490 S.W.2d 929, 932 (Tex.Civ.App.—Tyler 1973, writ ref'd n. r. e.). And it is not essential that an express agreement to be husband and wife be shown by direct evidence. The agreement may be inferred or implied where the proof establishes the second and third elements of the marriage. *Humphreys v. Humphreys*, supra; *Shelton v. Belknap*, 155 Tex. 37, 282 S.W.2d 682 (1955); *Gary v. Gary*, supra; *Talbert v. Talbert*; 1 Texas Court Reports 77 (Tex. Civ.App.—San Antonio 1976).

Our Legislature has enacted these elements into the Texas Family Code, Section 1.91:

"Proof of Certain Informal Marriages

"(a) In any judicial, administrative, or other proceeding, the marriage of a man and woman may be proved by evidence that:

\*     \*     \*     \*     \*     \*

"(2) they agreed to be married, and after the agreement they lived together in this state as husband and wife and there represented to others that they were married.

"(b) In any proceeding in which a marriage is to be proved under Subsection (a)(2) of this section, the agreement of the parties to marry may be inferred if it is proved that they lived together as husband and wife and represented to others that they were married."

Appellant attempted to prove that appellee had entered into a previous common law marriage from which she was not divorced, and as a result there was an impediment to her marriage with Till. The essential proof was not made. Appellant also argues that the law does not favor, but merely tolerates, common law marriage.

▐ We are of the opinion that the evidence is sufficient to support the judgment of the trial court. There are no findings of fact nor conclusions of law in the

record, and none were requested; and in such a case tried before the court, it will be presumed by the appellate court that every disputed fact issue was found by the trial court in support of the judgment rendered. *Quinn v. Dupree*, 157 Tex. 441, 303 S.W.2d 769, 773 (Tex.1957); *Washington v. Law*, 519 S.W.2d 953, 954 (Tex.Civ.App.—Houston (14th Dist.) 1975, writ ref'd n. r. e.); *Morris v. Burney*, 504 S.W.2d 800 (Tex.Civ.App.—Fort Worth 1974, no writ).

Appellant's points are overruled.

Judgment of the trial court is affirmed.