**Hipolito Acevedo LIMAS and Isaac Acevedo, Appellants,**

v.

**Petra Jasso DE DELGADO, as guardian and next of friend of Paulina Delgado Jasso, Appellee.**

No. 08–88–00229–CV.

Court of Appeals of Texas, El Paso.

May 17, 1989.

Charles Louis Roberts, Joseph (Sib) Abraham, El Paso, for appellants.

Colbert N. Coldwell, Guevara, Rebe, Bauman, Coldwell & Garay, David R. Pierce, Scott & Hulse, El Paso, for appellee.

Before FULLER, WOODARD and KOEHLER, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from a judgment determining a wife and daughter to be the legal beneficiaries to the proceeds of a life insurance policy. We affirm.

In 1985, Julio Delgado named his wife and daughter as beneficiaries to a life insurance policy. In 1986, Delgado deleted his daughter and substituted Hipolito Acevedo, a reported business creditor. The change of beneficiary form designated Acevedo as "business partner, equal shares" (with the wife). Upon Delgado's death, the wife and daughter obtained a jury verdict setting aside the beneficiary change on the grounds that Delgado lacked

the requisite mental capacity necessary to its execution.

Interrogatories to expert witnesses expected to be called in trial were served upon the wife and daughter. The interrogatories stated "[p]lease attach all reports and opinions in your possession or in the possession of your attorney, or subject to your control, from such expert witness or potential expert witness you expect to call at the trial of the above entitled and numbered cause." A Dr. Maldonado was named as an expert. Nothing was attached to the answers to interrogatories.

During the trial, Dr. Maldonado testified that the deceased was hospitalized in Mexico approximately three weeks before his death. He referred to the hospital records to refresh his memory. Appellant objected on the grounds the records were not produced with the answers to the interrogatories, and therefore the doctor's testimony should be excluded. The trial judge allowed the doctor to state that the deceased had suffered an edema in the head which produced intense headaches. The pain diminished the deceased's mental capacity.

 Appellant's points of error address the abuse of discretion by the trial judge in allowing the doctor's testimony. There had been no deposition taken of the doctor. Tex.R.Civ.P. 168 requires interrogatories to be answered. Rule 167 allows a party to request another party to produce documents so they may be copied by the requesting party. The wrong procedure was utilized in the attempt to procure the documents. *Fisher v. Continental Illinois National Bank and Trust Company of Chicago*, 424 S.W.2d 664, 669 (Tex.Civ.App. —Houston [14th Dist.] 1968, writ ref'd n.r. e.). No question was propounded by the interrogatories, and therefore no answer was required. Interrogatories should be directed to determine the existence of documents. A motion to produce places the responsibility for the costs of copying on the one making the request. Rule 167 further opportunes the issues of possession or constructive possession of documents, or arbitrary refusal, by requiring a written objection to the request for production which must state the reasons the discovery should not be allowed. It gives rise to resolution before trial. Discovery proceedings have as their aim and purpose the administration of justice by allowing the parties to obtain the fullest knowledge of issues and facts prior to trial. *West v. Solito*, 563 S.W.2d 240 (Tex.1978).

 In addition, Appellants failed to include the hospital records in the appellate record. The burden is on the appealing party to bring before the appellate court a record that shows the trial court committed a prejudicial error that requires reversal. *Morris v. Burney*, 504 S.W.2d 800 (Tex. Civ.App.—Fort Worth 1974, no writ). Without the records, there is no way to assess harm of the trial court's discretionary ruling. All points of error are overruled.

The judgment of the trial court is affirmed.